UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MILTON QUINONEZ and
ELENA QUINONEZ

        Plaintiffs,

                                      Case No.:   2:17-cv-703-FTM-38MRM

vs.

21st CENTURY NORTH AMERICAN
INSURANCE COMPANY,

        Defendant.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** [Court recommends 30 days after CMR meeting] | Apr. 30, 2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Already filed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | May 16, 2018 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | Pl.: Apr. 8, 2019 Def.: May 6, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 3, 2019 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 4 months or more before trial term begins] | July 8, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | Sept. 9, 2019 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version must be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | Sept. 23, 2019 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | Sept. 23, 2019 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | Oct. 14, 2019 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | Nov. 4, 2019 |
| **Estimated Length of Trial** [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Aug. 1, 2018<br>(mediation has been tentatively scheduled for June 11, 2018)<br><br>Gary Larsen<br>401 N. Cattlemen Rd.<br>Suite 300<br>Sarasota, FL 34232-6438<br>941-366-4680 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No_x____<br><br>Likely to Agree in Future _____ |

I.   **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1] a meeting was held in person on: March 23, 2018 at 12:30 p.m. at Starbucks in Port Charlotte, Florida and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Theodore Zelman,   Esq. | Plaintiff |
| John Weihmuller, Esq. | Defendant |
| | |

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

In addition to the in-person meeting on March 23, the parties met by telephone on March 15, 2018.

II.    **Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

Track Two cases: The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed.   The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated by counsel.

Unresolved issues to be addressed at such a conference include:

_N/A_ _____

_____

_____

_____

III.    **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged      _X___ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C)-(D)

_____on __X___by (check one) __Apr. 18, 2018_____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

## IV.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

___ no party anticipates the disclosure or discovery of ESI in this case;

_X_ one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably

---

2 See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

  The parties do not anticipate any difficulties with ESI discovery

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

_x_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## V.    Agreed Discovery Plan for Plaintiffs and Defendants

### A.    Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper ⊂ including emergency motion ⊂ is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

    __x__    Yes

    _____    No               Amended Certificate will be filed by _____

                                 (party) on or before  _____ (date).

### B.   Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests electronically.   See M.D. Fla. R. 3.03 (e).   The parties further agree as follows:

  N/A _____

_____

_____

_____

### C.   Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed. R .Civ. P. 33(a).   The parties may agree by stipulation on other limits on discovery.   The Court will consider the parties= agreed dates, deadlines, and other limits in entering the scheduling order.   Fed. R. Civ .P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.    Depositions

*In accordance with the applicable local rules and Rules of Civil Procedure without further modification.*

2.    Interrogatories

*In accordance with the applicable local rules and Rules of Civil Procedure without further modification.*

3.    Document Requests

*In accordance with the applicable local rules and Rules of Civil Procedure without further modification.*

4.    Requests to Admit

*In accordance with the applicable local rules and Rules of Civil Procedure without further modification.*

5.    Supplementation of Discovery

*In accordance with the applicable local rules and Rules of Civil Procedure without further modification.*

**D.    Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

Plaintiff will disclose all non-expert witnesses by February 25, 2019. Defendant will disclose all non-expert witnesses by March 7, 2019.

### E.    Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

N/A

### F.    Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.   The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as Aconfidential.@   There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.  See M.D. Fla. R. 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.@  With respect to confidentiality agreements, the parties agree as follows:

The parties agree that, in the event one party inadvertently produces any document that the disclosing party deems privileged, the opposing party will return it on demand, destroy all copies, and the parties will thereafter treat the matter as if the inadvertent disclosure had not been made and privilege claimed instead.

The parties agree to the following with respect to handling confidential documents:

1. In the course of this litigation, any party may produce any paper document as a photocopy with a transparent overlay or stamp of the word "CONFIDENTIAL" and a statement that the document was produced in this case.
2. No party shall distribute any "confidential" document, including a copy, summary or description of information contained in any document, to anyone except a party to this litigation, an expert retained by a party or a witness in this case.
3. No party shall use any "confidential" document, including a copy, summary or description of information contained in any document, except in connection with this litigation, and for no other purpose.
4. The party producing the document will make a "clean copy" of any document available for use at trial.
5. Before a party gives a "confidential" document, transcript or videotape, including a copy, summary or description of information contained in a "confidential" document, to an expert retained by that party, the party must first obtain the signature of the expert on a copy of this Order, with an acknowledgment by the expert that he or she is bound by the terms of this Order. The "confidential" document, transcript or videotape may be used by the expert solely in connection with this litigation, and for no other purpose.
6. At the end of this case, all parties shall return, to the party producing the documents,

all "confidential" documents and copies, with a written representation by counsel that there has been compliance with the above conditions.

7. The parties may, upon proper motion, have this Court determine whether or not any document designated as "confidential" is entitled to protection under this Order.

### G.   Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

    Same agreement as the previous section.

_____

_____

_____

### H.   Other Matters Regarding Discovery

_____

_____

_____

_____

## VI.   Settlement and Alternative Dispute Resolution

### A.   Settlement

The parties agree that settlement is _____ likely ___x___ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes ___x___ no _____ likely to request in future

### B.   Arbitration

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration

automatically.   Does this case fall within the scope of Local Rule 8.02(a)?3

\_\_\_\_\_ yes   \_\_x\_\_ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_\_ yes   \_\_x\_\_ no   \_\_\_\_\_ likely to agree in future

_____ Binding _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.   Local Rule 8.02(b).   The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_x\_\_ yes   \_\_\_\_\_ no   \_\_\_\_\_ likely to agree in future

### C.     Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court=s Local Rules.   The parties have agreed on a mediator from the Court=s approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court=s web site at http://www.flmd.uscourts.gov.

### D.     Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

---

3 Local Rule 8.02 no longer requires mandatory arbitration. The new version of Local Rule 8.03(a) permits referrals to arbitration but provides for an exception where the relief sought consists of money damages in an amount greater than $150,000. *See* Local Rule 8.03(a)(3). This case fits within that exception to Local Rule 8.03(a).

_____N/A_____

_____

_____

_____

Date: _March 26, 2018_

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____
Theodore Zelman
Attorney for Plaintiffs, Milton Quinonez
& Elena Quinonez
Zelman & Hanlon
5633 Naples Blvd.
Naples, FL 34109
Florida Bar #241741
239/598-9002 Fax: 239/598-9002
ted@zelmanandhanlon.com
michelle@zelmanandhanlon.com
ted.zelman@gmail.com

s/James Michael Shaw, Jr.
John W. Weihmuller
James Michael Shaw, Jr.
Attorneys for 21st Century
Butler Weihmuller Katz Craig, LLP
400 N. Ashley Drive, Suite 2300
Tampa, FL 33602-4327
Florida Bar #      0442577
Florida Bar #      0677851
jweihmuller@butler.legal
jshaw@butler.legal